Smith, J.
These two cases were presented to us at the same time, and will be disposed of together.
In the first of the two cases the facts are these. On the 14th of December, 1888, the City of Cincinnati, by its council and aldermen, duly passed an ordinance appropriating the sum of $1,377,658.58 to pay the salaries of officers and the current expenses of said city for the six month’s ending June 30, 1889, and said ordinance contained detailed and specific appropriations for the several obj'ects for which it was deemed the city had to provide, and apportioned to each month — said ordinance having been passed after the receipt by the boards of the common council and the boards of tax- commissioners,- and its revision by them and the determination of the per-1 centage to be levied for the several purposes allowed by law; as required and pointed out by sec. 2690 (fj and 2690 (g) 3 Rev. Stats. 122. The said ordinance so passed, was then transmitted to the tax commissioners, in accordance with sec.-2690 (h), <l for approval, amendment or rejection,’’ as they-might determine. On the 8th day of- January this action of *254 the council, as shown in the ordinance aforesaid, was approved by the board of tax commissioners, except, that the appropriation from the sewerage fund was increased $2000, that from the market fund was increased $8000, and that from the street railroad license fund for street cleaning purposes was increased $15,000. The total'increase, (and there were no deductions), was $25,000. And in each case the increase was that amount above the estimates which had been submitted as aforesaid by the controller. This action was never in anyway concurred in by the common council, except that the officers of said city are proceeding under said ordinance as if it was a valid one, as so altered by the board of tax commissioners, and liabilities are being created on account of said increase, and money will be drawn thereon, unless such action is enjoined.
On this state of fact the question is, was this increase by the board of tax commissioners legal; and so far as such increase is concerned, was the ordinance valid.
The question is certainly a very important one, and one which should be definitely settled, as it is alleged and not denied, that the total increase made in such cases by the tax commission since its organization in 1888, is $184,121.22.,
It is to be noted that under the provisions cf sec. 2690 (g), when the council has “determined the percentage to be levied for the several purposes allowed by law,” it is to be submitted to the.board of tax commissioners for “approval or rejection.” “ They may approve or reject any part or parts thereof, and the parts rejected by said board shall not become valid levies.” The board, if it rejects any part, must return the ordinance to the council within ten days, with their reasons, therefor. There is no express provision that action on the subject may then be had by the council, but we incline strongly to the opinion that it may, and again be sent to the board of tax commissioners for their approval. It would seem a strange state of affairs if this were not so. , Suppose the board should reject the whole action of the council, is the levy to fail entirely? We think not, and that the provision for its return to the council is,, that if not satisfied with the action of the board of tax commissioners, it may *255 again act upon the subject, and again submit their action to the board.
But under sec. 2690 (h) the appropriating ordinance is to be sent to the tax commissioners, “ for approval, amendment or rejection.” Here a new power is conferred upon that board, viz., to amend the ordinance. It is this word upon which the city solicitor founds his claim that the board of tax commissioners may increase the appropriations made by the council, and that its action, whatever it may be, is a finality.
We confess that we have had difficulty in arriving ata satisfactory conclusion, as to what power was attempted to be conferred by this language upon the board of tax commissioners in this particular. The statute certainly is not nearly so explicit on this and other points as it should be. Whether this power to amend is confined, as is claimed by counsel for the plaintiff, to a change of appropriations as made by counsel without increasing the amount in the aggregate, or whether it was really the purpose of the legislature to give the board the right to amend, alter and change the ordinance as it saw proper, as one of the bodies constituting a general assembly may do with an act passed by the other, and when so changed, to be returned to the other house for its action thereon, is not clear. There is no express provision in the statute as to this. But it is certainly the course which would be most natural, and in accordance with our ideas as to the functions of legislative bodies, or even where one person or body exercises a veto power over the action of other bodies. It would certainly be very strange that if the board of tax commissioners should, under the power conferred upon it by this section,, wholly reject the appropriating ordinance,-that the council should not have the right and power to again act upon the subject, and submit a new one. On such a construction the wheels of the city government in such case must stop.
But, however this may be, it seems clear to us in view of another provision of the statute, that the right of the board of tax commissioners to increase the aggregate amount of appropriations over that fixed by the common council, does not exist, unless that increase is subsequently sanctioned by the *256 council. Sec. 2690 (f) provides as follows: “ No liability whatever shall be created against any city of the first grade of the first class,“and no expenditure shall be made for the same, unless it be previously sanctioned both by the board of tax commissioners and the common council as above provided, except from the contingent fund,” &c., * * * “ and any tax levied for any purpose whatever in such city, without the concurrence of the board of tax commissioners and the Common'Councilfas herein provided, shall be void.”
In view of these’provisions, if the appropriations made by the ordinance of the council are largely increased in the aggregate by the tax commissioners, can it rightly be claimed that in so far as the increase is concerned, it has been “sanctioned” or “concurred in” by the common council? Suppose the'tax commissioners double the appropriations made by the ordinance of the council — on what principle can it be claimed that without other action on the part of the council it has concurred in this increase ? If the concurrence or sanction was intended to be substantial, and not a sham, it seems to us impossible to hold that the increase in such case is valid. It would seem that it could not have been the intention of the legislature, that the council, which is the legislative body of the city, should only have the right to suggest by the passage of an ordinance the amounts that should be appropriated, and that on this being done, the board of tax commissioners should have supreme and final power to make the appropriations, utterly disregarding, if it choose to do so, in every particular the action of the council.
But the claim is made, that in the provision of the statute above quoted that the appropriation must be “ sanctioned both by the boardfof tax commissioners and the common council, os above provided,” the last words warrant such action by the board. That as the provisions of sec. 2690 (h) only provide for the passage of the ordinance by the council, and allow the board to amend it, no other provision being made for the consent of council to be given to the amendment, it must of necessity be final and binding as amended.
We are of the opinion that these words have not the meaning claimed. Much stronger and clearer language than this *257 would be necessary to convince us that such was the legislative intent. While it is not necessary for us to decide that in every case of substantial amendment of the ordinance by the tax commissioners, it is necessarj' for the council to concur in the amendment (which we are strongly inclined to think is the case), we do hold that if the appropriation made by the council is increased in the aggregate, such subsequent sanction or concurrence of the council, is necessary to its validity.

Wm. M. Ampt, in propria persona.

Messrs. Horstman & Hadden, City Solicitor, for the city.
The judgment of the court of common pleas will therefore be reversed, with costs, and the case remanded to the court of common pleas for further proceedings according to law.
In the other case, the facts are, that on Dec. 14, 1888, the council passed an ordinance to appropriate $2,000 from the wharfage fund for the purpose of repairing the public landing, to be expended by the wharfmaster,' and the comptroller was authorized thereby, upon the receipt of proper vouchers from the wharfmaster, to draw his warrant upon the city treasurer therefor. That on the faith of this ordinance repairs have been so made, and some payments made fromdhe city treasury thereon, and other expenditures are about to be made and so paid for.
The ordinance was never submitted to or approved by the board of tax commissioners, and the work has been done and payments made without the knowledge or approval of the board. This was all clearly against the statutes to which we have referred, and it is conceded to be so by the counsel for the defendants. The judgment of the court of common pleas will therefore be affirmed, with costs.